**FILED**

**January 12, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:22 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Marshall Beene | ) | Docket No. 2016-01-0264 |
| | ) | |
| v. | ) | |
| | ) | State File No. 66494-2014 |
| Metro Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas Wyatt, Judge | ) | |

---

### Affirmed and Remanded – Filed January 12, 2017

---

In this interlocutory appeal, the employer asserts the trial court erred in awarding temporary partial disability benefits after an authorized treating physician had opined the employee reached maximum medical improvement for his work-related injury. Following an expedited hearing, the trial court determined the authorized treating physician had later revised his opinion regarding maximum medical improvement, thereby supporting an order for additional temporary disability benefits. The employer has appealed. We affirm the trial court's determination and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellant, Metro Services, Inc.

R. Lew Belvin, III, Chattanooga, Tennessee, for the employee-appellee, Marshall Beene

# Memorandum Opinion[1]

Marshall Beene ("Employee") worked for Metro Services, Inc. ("Employer"), as a ductwork installer. On August 21, 2014, he fell approximately six to eight feet from a ladder onto a slotted metal floor. He complained of immediate pain and symptoms in his right upper extremity. The accident was accepted as compensable and, following emergent care, Employee was treated by Dr. Brandon Cincere, who Employer authorized.

Over the course of the following months, disputes arose regarding the extent and nature of Employee's work-related injuries. Employee alleged that he suffered injuries to his right arm and right shoulder. He further alleged that a pre-existing, degenerative condition in his neck was aggravated by the fall. Several months after the accident, he was diagnosed with complex regional pain syndrome in his right upper extremity. Employer authorized some treatment, but denied other aspects of Employee's claim. In June 2015, Employee underwent right shoulder surgery, which he reported improved his shoulder symptoms somewhat. However, he continued to complain of pain in his right elbow, shoulder, and neck.

On October 29, 2015, Employee returned to Dr. Cincere for post-surgical follow-up. Dr. Cincere noted that the physical therapy he had ordered had not been approved by the insurer. A referral for pain management also had not been approved. Employee complained of radiating pain from his neck into his shoulder and down his right arm. Dr. Cincere commented that the "carrier [is] making it difficult to care for patient, interfering with my treatment, I have nothing left to offer the patient." He reiterated his requests for referrals to Dr. Gregory Ball for pain management and to Dr. Todd Bonvallet for a cervical spine evaluation.

Employer sought a medical records review with Dr. Thomas Koenig, an orthopedic surgeon. In his November 14, 2015 report, Dr. Koenig opined that the August 21, 2014 fall caused right elbow lacerations, a partial tear of the right triceps, medial and lateral epicondylitis in the right elbow, traumatic cubital tunnel syndrome, and a possible small closed avulsion fracture of the lateral epicondyle. He also concluded that the fall may have caused complex regional pain syndrome in the right upper extremity and a right rotator cuff tear. He did not believe the degenerative changes in Employee's cervical spine were causally related to the work accident. He felt additional treatment was warranted in the form of two or three stellate ganglion blocks, and he opined that "[t]he patient is likely to reach maximum medical improvement 2 to 3 weeks after the second or third repeat stellate sympathetic ganglion block."

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

Employer did not authorize any additional treatment in response to Dr. Koenig's report or Dr. Cincere's recommendations. On February 9, 2016, Dr. Cincere completed a Final Medical Report (Form C-30A) indicating that Employee had reached maximum medical improvement on January 19, 2016. Employer continued paying temporary disability benefits until March 3, 2016, at which time it terminated those benefits.

On July 14, 2016, Dr. Cincere responded to a written inquiry from Employee's attorney concerning various disputed medical issues in the case. He opined that Employee's work accident caused a right shoulder rotator cuff tear, right elbow tendinitis, right cubital tunnel syndrome, and complex regional pain syndrome of the right upper extremity. He recommended additional treatment with Dr. Ball and opined that Employee should engage in no lifting, reaching, or repetitive use of the right upper extremity pending additional treatment. He concluded that Employee was not at maximum medical improvement until such treatment was completed. However, he agreed with Dr. Koenig that Employee's cervical spine condition did not primarily arise from the work accident, though he commented that the chronic cervical spine problems were "likely aggravated" by the work injury.

Employee returned to Dr. Ball on July 21, 2016, more than one year after his previous authorized visit. Dr. Ball again diagnosed complex regional pain syndrome in the right upper extremity and right shoulder pain. He prescribed additional stellate ganglion blocks and "aggressive physical therapy for the shoulder and elbow."

During the expedited hearing, Employer argued that no additional temporary disability benefits were owed following Dr. Cincere's completion of Form C-30A, which placed Employee at maximum medical improvement as of January 19, 2016. It further argued that the additional medical treatment recommended by Dr. Cincere and Dr. Ball was related to the cervical spine condition, which did not arise primarily from the work accident. The trial court rejected both arguments, concluding instead that Dr. Cincere had, in effect, retracted his earlier statement regarding maximum medical improvement in response to the written inquiry from Employee's attorney and had recommended further treatment for the shoulder and elbow injuries. Consequently, the trial court ordered the payment of temporary disability benefits from the date they were terminated to the present, as well as additional medical treatment. Employer appealed the award of additional temporary benefits but did not appeal the award of additional medical benefits.

On appeal, Employer makes essentially the same arguments it made to the trial court. Specifically, Employer argues that "[t]here was no evidence introduced at the [h]earing to establish the ATP had revised or modified the MMI date for the compensable right shoulder injury." It also asserted that Dr. Cincere's responses to the written inquiry from Employee's counsel pertained to "additional medical and MMI for the cervical spine." We disagree. Dr. Cincere's July 14, 2016 response to the written inquiry clearly indicates he believed additional treatment was warranted for the right shoulder and arm.

3

He further indicated that Employee should work with temporary restrictions until such treatment was completed and that Employee was not at maximum medical improvement pending the additional treatment. He also reiterated his opinion that the "work comp carrier significantly limited my treatment of this [patient]." These opinions supported the trial court's award of additional temporary disability benefits in light of the authorized physician's revised opinion concerning maximum medical improvement for the shoulder and arm conditions. Thus, we affirm the trial court's order and remand the case for any further proceedings that may be necessary.



**FILED**

**January 12, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:22 A.M.**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Marshall Beene | ) | Docket No.   2016-01-0264 |
| | ) | |
| v. | ) | State File No.  66494-2014 |
| | ) | |
| Metro Services, Inc., et al. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| R. Lew Belvin, III | | | | | X | lew.belvin@mcmahanlawfirm.com |
| Gordon C. Aulgur | | | | | X | gordon.aulgur@accidentfund.com |
| Thomas Wyatt,  Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov